**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ed Eagleman, | No. CV-18-2708-PHX-RM (DTF) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On November 8, 2019, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation ("R&R") (Doc. 17) recommending that this Court dismiss Petitioner Ed Eagleman's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 (Doc. 1; *see also* Docs. 3, 4, 5). Petitioner Eagleman filed an Objection to the R&R (Doc. 18), and the Government responded to the Objection (Doc. 20). For the following reasons, Petitioner's Objection will be overruled and the R&R will be adopted in full.

**I. Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal

Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## II.  Background

### A.  Factual and Procedural Background

On June 8, 2015, Petitioner was indicted in Arizona Superior Court, Maricopa County, on two counts of aggravated driving under the influence ("DUI") for driving under the influence of alcohol while on a suspended license (Count One) and having a blood-alcohol content at or exceeding 0.8 (Count Two), both class four felonies. (Doc. 15-1 at 128.) The charges stemmed from an incident on August 5, 2013, when Phoenix police officer Michael Kaufman responded to a call about individuals in a white Chevrolet truck throwing beer cans and bottles. (*Id.*) As Officer Kaufman approached the truck, it accelerated away from him; the officer followed the truck and found it crashed into a tree. (*Id.* at 12.) The driver of the truck was verified to be the Petitioner in the present case, Mr. Eagleman. (*Id.*) Officer Kaufman saw empty alcohol containers inside the truck and observed that Defendant had a strong odor of alcohol. (*Id.* at 128.) Petitioner was immediately transported to the hospital for medical treatment resulting from injuries sustained during the collision. (*Id.*) At the hospital, a phlebotomist drew Petitioner's blood for medical reasons in the presence of Officer Barlow. (*Id.* at 12) Officer Barlow obtained a sealed blood sample, and a subsequent test by a forensic scientist showed Petitioner's blood-alcohol content to be 0.299. (*Id.* at 128.) At the time of the incident, Petitioner's driver's license was revoked. (*Id.*)

Petitioner pled not guilty to the charges and, in October 2015, the State filed two

motions in limine. (*Id*. at 7-9, 11-15, 17-21.) The first motion sought the admission of Petitioner's blood sample through Officer Barlow without any testimony from the hospital staff member who had drawn the blood. (*Id*. at 12-15.) The second motion sought the preclusion of statements about Petitioner's deceased twin brother, whom Petitioner had claimed was the driver of the truck. (*Id*. at 17-20.)

The trial court heard oral argument on the State's motions in limine prior to commencement of trial. (*Id*. at 75-76.) Petitioner was not present in the courtroom during oral argument. (*Id*.) When Petitioner arrived, the trial court made a record of the earlier arguments, objections, and rulings on the motions in limine. (*Id*. at 24-30, 75-76.)

The trial court empaneled ten jurors, including prospective juror six. (*Id*. at 79.) During voir dire, the trial court asked whether any prospective juror had "personal feelings about the charge of driving under the influence that might make it difficult for [him or her] to be fair and impartial" in deciding the case. (*Id*. at 35.) Prospective juror six answered that she had "strong feelings against driving under the influence." (*Id*. at 36.) When asked by the trial court if she "would be able to put those feelings aside and instead. . . determine whether or not sufficient evidence has been proven to show each element proven beyond a reasonable doubt by the State's evidence," prospective juror six answered affirmatively. (*Id*.) The defense did not move to strike prospective juror six. (*Id*. at 38-45, 56-7, 59-62.)

At the close of the State's case-in-chief, the defense moved for a directed verdict, arguing that the State had failed to meet its burden of proof. (*Id*. at 68.) The trial court denied the motion, explaining that, taking the evidence in the light most favorable to the State, it found that there was sufficient evidence as to each element so that the jury should determine guilt or innocence. (*Id*. at 68-69.) After closing arguments, the defense renewed the motion for a directed verdict and the trial court again denied the motion. (*Id*. at 72, 88.)

The jury found Petitioner guilty of both counts of DUI. (*Id*. at 88-89.) On November 30, 2015, Petitioner was sentenced to concurrent ten-year terms of

imprisonment for each conviction. (*Id.* at 92-95.) On November 30, 2015, Petitioner filed a notice of appeal in the Arizona Court of Appeals. (*Id.* at 100.) On June 20, 2016, Petitioner's court-appointed appellate counsel timely filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1976), stating that counsel could find no colorable claim for appeal and requesting that Petitioner be allowed to file an appellate brief pro se. (*Id.* at 105-11.)

On December 14, 2016, Petitioner timely filed a "Supplemental Opening Brief" raising thirteen claims but providing excerpts from the trial court record in support of only five claims. (*Id.* at 113-24.) The Court of Appeals considered only the five claims for which record support was provided: (1) whether probable cause existed at the time of the blood draw; (2) whether the blood draw and the test results' admission at trial violated Petitioner's physician-patient privilege; (3) whether the State of Arizona violated Petitioner's "confrontation rights" by not allowing him to cross-examine witnesses during the grand jury proceedings; (4) whether A.R.S. § 28-1388(E) is unconstitutionally vague; and (5) whether Petitioner was properly charged and convicted, including whether the trial court erred in denying his motion for a directed verdict. (*Id.* at 126-31.) The Court of Appeals denied all five claims. (*Id.*)

On April 12, 2017, Petitioner petitioned the Arizona Supreme Court for review of the appellate court's decision. (*Id.* at 192.) Petitioner asserted the same five claims that he had raised in the appellate court and that were denied by that court, as well as three additional claims. (*Id.* at 133-38.) On September 12, 2017, the Arizona Supreme Court summarily denied Petitioner's petition for review. (*Id.* at 142.) The Court of Appeals' mandate issued on October 18, 2017. (*Id.* at 144.)

Prior to the conclusion of Petitioner's direct appeal, Petitioner filed a notice of post-conviction relief ("PCR") in the trial court on February 2, 2017. (*Id.* at 146-48.) On June 26, 2017, Petitioner's PCR counsel filed a notice informing the trial court that, upon reviewing the record, there were no colorable claims for PCR relief. (*Id.* at 151-53.) Petitioner was granted additional time to file a pro se PCR petition. (*Id.* at 155-56.)

Petitioner never filed a PCR petition and on September 19, 2017, the trial court dismissed the PCR proceeding. (*Id*. at 158.)

### B. The Petition

Plaintiff filed his Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 17, 2018. (Doc. 1.) The Petition asserts four grounds for relief: (1) "Unlawful search and seizure of a blood draw sample that is 'contrary to or involving an unreasonable application of clearly established federal law as determined by the Supreme Court'"; (2) "The trial court erred and abused [its] discretion by not striking [prospective] Juror #6 for being biased against DUIs and being prejudiced at every critical stage of trial by not having an impartial jury"; (3) "The trial court erred and abused its discretion in not allowing Defendant to be present for a critical stage of trial for arguments on State's Motions in Limine"; (4) "The trial court erred by denying his motion for a 'Directed Verdict' because there was insufficient evidence showing him as the driver or any 'Identifying Physical Characteristics.'" (Doc. 1 at 6-9.)

In their Answer, Respondents argue that Ground One is non-cognizable on federal habeas review, and that Grounds Two, Three, and Four are unexhausted and procedurally defaulted without excuse. (Doc. 15.)

### C. The R&R

The R&R recommends dismissing Ground One as non-cognizable on habeas review and dismissing Grounds Two, Three, and Four as unexhausted and procedurally defaulted without excuse. (Doc. 17 at 7-13.) The R&R determines that Ground One is non-cognizable because Petitioner had the opportunity to litigate his Fourth Amendment claim related to suppression of the blood test results in the trial court but failed to do so. (*Id*. at 7-8); *Stone v. Powell*, 428 U.S. 465, 494 (1976). Because Petitioner had the opportunity to litigate the fourth Amendment claim, no federal habeas relief is available. (*Id*.)

The R&R finds that Ground Two (allegedly biased juror) and Ground Three (Petitioner's absence during oral argument on motions in limine) are unexhausted. (*Id*. at

9.) Petitioner concedes that he did not raise these claims to the trial court or the Arizona Court of Appeals, but only raised them in his petition for review with the Arizona Supreme Court. (*Id*.) Therefore, the R&R concludes, they are unexhausted. (*Id*.) The R&R also finds Ground Four (denial of motion for directed verdict) unexhausted because, although Petitioner raised the argument to both the trial and appellate courts, he failed to alert the courts to the federal nature of the claim. (*Id*. at 10); *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004). Furthermore, the R&R determines that the unexhausted Grounds Two, Three, and Four are procedurally defaulted because they are time barred and Petitioner may not now return to state court to exhaust them. (*Id*. at 11). The procedural default of Grounds Two, Three, and Four cannot be excused because Petitioner has established neither cause and prejudice nor a colorable claim of actual innocence. (*Id*. at 12-13.) The R&R concludes that because Grounds Two, Three, and Four are unexhausted and procedurally defaulted without excuse, they are precluded from federal habeas review. (*Id*. at 13.)

### D. Petitioner's Objections

Petitioner's Objection relates to the R&R's findings as to Ground One and Ground Three of his Petition. (Doc. 18.) First, Petitioner reasserts his claim in Ground One that his Fourth Amendment rights were violated because he "was precluded from filing a motion to suppress the blood test results." (Doc. 18 at 2.) He also contends that there was an "unconscionable breakdown" in the trial court proceedings. (Doc. 18 at 3.) However, Petitioner does not make any specific objections to the R&R's factual findings or reasoning with respect to the cognizability of Ground One.

Second, Petitioner reasserts his claim in Ground Three that the trial court impermissibly held argument and ruled on the State's motions in limine in his absence and denied him a stay to seek a special action on that matter. (*Id*. at 2.) Petitioner also asserts that "the summary dismissal from the Arizona Supreme Court and the PCR proceedings do conflict with one another" (*id*. at 4) and cites to specific parts of the R&R, apparently in support of that claim. However, Petitioner does not explain how this

allegation raises a specific issue with the findings or reasoning of the R&R, nor how the purported "conflict" would affect his case. Petitioner does not make any specific objections to the R&R's findings or reasoning with respect to the procedural default of Ground Three.

Respondents replied to Petitioner's objections and contend that the objections are improper under Fed. R. Civ. P. 72(b)(2) because they do not provide sufficient specificity and detail and because they are restatements of the claims raised in the Petition. (Doc. 20.)

### 1. Applicable Law

"Within 14 days after being served with a copy of the [R&R], a party may serve and file *specific written objections* to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as to reasonably alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *see also United States v. 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objections to the magistrate judge's [R&R] must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review").

"[G]eneral objections to an R&R are tantamount to no objection at all." *Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006). Such general objections undermine the purpose of referral to magistrate judges for resolution of issues that are not objectionable to the parties. *Id.* "[I]f parties were permitted to invoke the de novo review of the district court merely by interposing general, non-specific objections to the magistrate's R&R," the efficiency and judicial economy derived from referral to magistrate judges would be lost. *Id.* The Court cannot

guess at the specific findings to which a party objects. *Id.*; *see also Warling v. Ryan*, No. CV 12-01396-PHX-DGC (SPL), 2013 WL 5276367 at *2 (D. Ariz. Sept. 19, 2013) ("a general objection 'has the same effect as would a failure to object'"); *Haley v. Stewart*, No. CV-02-1087-PHX-DGC (CRP), 2006 WL 1980649, at *2-3 (D. Ariz. July 11, 2006). Furthermore, objections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ. P. 72. *See Sullivan*, 2006 WL 1516005, at *2; *see also Rosado-Gonzalez v. Alejandro Otero Lopez Hosp.*, 836 F. Supp. 2d 48, 51-52 (D.P.R. 2011) (the objections did not "point to any specific fault in the Magistrate Judge's factual findings or legal reasoning" and merely "duplicate[d] the same arguments already disposed of in the [R&R].")

### 2. Discussion

Petitioner's objections either lack the requisite specificity and clarity to alert the Court to the specific issues in the R&R to which Petitioner objects, or merely restate claims from his Petition. Although Petitioner cites specific lines and page numbers from the R&R, he does not specify how he believes the magistrate judge erred in the cited findings or conclusions. To the contrary, Petitioner merely restates some claims and reasserts alleged errors by the trial judge, without addressing the R&R's findings regarding procedural default and cognizability on federal habeas review.

Respondents interpret Petitioner's objection as objecting to the R&R's finding that "the procedural[ly] defaulted claims, which would include Ground Three, are time-barred from collateral review." (Doc. 20 at 5.) However, the Court reads Petitioner's arguments pertaining to the finding that his claims are time-barred as a concession: Petitioner admits that "any arguments towards returning to state court to exhaust any claim pertaining to. . . post-conviction relief, would obviously be misplaced." (Doc. 18 at 4.) Petitioner then claims that the PCR proceedings and the summary dismissal from the Arizona Supreme Court "conflict with one another," but does not explain how or why that would be so, or how that argument is connected to an error in the R&R. (*Id.*)

The Court agrees with Respondents' characterization of Petitioner's remaining objections pertaining to Ground One and Ground Three. With respect to Ground One, Petitioner reasserts his Fourth Amendment violation claim and argues that there was an "unconscionable breakdown" in the trial court proceedings regarding the blood test results. (*Id.* at 2-3.) However, Petitioner does not clearly specify how the R&R erred with respect to its findings on Ground One. Such a general objection does not serve the purpose of notifying the Court as to which issue it should consider on de novo review.[1]

With respect to Ground Three, Petitioner similarly reasserts his claim in the Petition, without explaining how the magistrate judge erred in his analysis and recommendation regarding Ground Three. (*Id.* at 2.) Accordingly, the Objection does not identify an issue for the Court to address on de novo review of the R&R.

In the absence of any specific objections to the findings and reasoning of the R&R, the Court has reviewed the R&R for clear error, and has found none.

Accordingly,

**IT IS ORDERED** that Petitioner's Objection (Doc. 18) is **overruled**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 17) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] To the extent that Petitioner argues that he was precluded from filing a motion to suppress the blood test results because his appearance was waived during oral arguments on the State's motions in limine, this argument fails. Petitioner was represented by trial counsel and his non-appearance during part of the hearing on the State's motions in limine did not preclude him from filing a motion to suppress.

**IT IS FURTHER ORDERED**, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, that the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 19th day of December, 2019.

>  
> _____  
> Honorable Rosemary Márquez  
> United States District Judge